UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ALLISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 19-cv-2064-JBM |
| WHITNEY RENAKER, et al., | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging excessive force by Georgetown, Illinois Police Officers and excessive force and deliberate indifference by Vermilion County Sheriff's Department staff. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff filed his complaint on March 16, 2019, asserting claims which occurred on October 29, 2016. On that date, Plaintiff was arrested by Georgetown Police Officers Michael Vice and Brett Stein. Plaintiff claims that, without provocation, the officers handcuffed him and

threw him face down on the ground. Defendants Vice and Stein were thereafter joined by four or five additional officers, and all began beating Plaintiff, yelling "quit resisting." Plaintiff was thereafter transported to the Vermilion County Jail. There, four Georgetown officers, including Defendants Vice and Stein, as well as two Vermilion County Deputies, beat and threatening to shoot him. Defendants Stein allegedly grabbed Plaintiff by the throat while bringing him to a holding cell, so that he had difficulty breathing. When Plaintiff was placed in the holding cell he was punched in the face and kicked in the side.

Plaintiff alleges that he was left battered and bruised and when he asked unidentified jail staff for medical treatment, they refused. Plaintiff posted bond and was released six days later, still without being seen. When Plaintiff's property was returned to him, he discovered that video of the beating had been erased from his cell phone. Plaintiff alleges false arrest, excessive force, illegal search and seizure, and deliberate indifference to his serious medical needs.

The allegations, however, reveal that the complained-of conduct occurred approximately two years and a half years prior to his filing of the complaint. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). *See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.")

The statute of limitations, however, may be tolled during the time the time a plaintiff seeks to exhaust his administrative remedies. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). In this case, Plaintiff has pled that he did not file any related grievances as he "had no idea one was available." He also claims, however, that he "did file a complaint." [ECF 1 p. 4].

It is unclear whether Plaintiff is claiming he filed a complaint or grievance at the Jail or whether he is referring to the federal complaint filed March 16, 2019.  Plaintiff will be asked to clarify.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff will have 30 days from the entry of this order in which to replead his claims and clarify the issue identified by the Court.  The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

6/28/2019
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE