UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ALLISON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WHITNEY RENAKER, et al., )<br>)<br>Defendants. ) | No.: 19-cv-2064-JBM |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging excessive force by Georgetown, Illinois Police Officers and excessive force and deliberate indifference by Vermilion County Sheriff's Department staff. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

As the Court noted in its prior merit review order, Plaintiff filed his complaint on March 16, 2019, asserting claims which occurred on October 29, 2016, more than two years prior. "In Illinois, the statute of limitations period for § 1983 claims is two years." *Draper v. Martin,* 664

1

F.3d 1110, 1113 (7th Cir. 2011); 735 ILCS 5/13-201. *See Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.") *See also, Davenport v. Dovgin*, 545 Fed.Appx. 535, 538 (7th Cir. 2013). "[A] court may dismiss a claim as time–barred if the complaint sets forth the necessary information to show that the statute of limitations has expired".

The Court noted that the statute of limitations would be tolled during the time the time Plaintiff sought to exhaust his administrative remedies at the Jail. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). Though Plaintiff had pled that he did not file any related grievances but had filed "a complaint," he was given an opportunity to amend to clarify this issue.

Plaintiff's amended complaint asserts only that he "logged a complaint with an agent at Springfield FBI's office, whome ID # is 9066." He also "filed a complaint with Dick Durbin's office…" Here, Plaintiff has twice pled a complaint in which it is clear that he did not exhaust administrative remedies at the Jail. As a result, there was no tolling of the statute of limitations and Plaintiff's complaint was filed five months too late. Plaintiff's complaint is dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed with prejudice as having been filed after the expiration of the statute of limitations and, thus, failing to state a claim pursuant to Fed. R. Civ. P. 12(c) and 28 U.S.C. § 1915A. The clerk is directed to terminate this case and vacate any pending motions or deadlines. This case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed.R.App.P.4(a). If he wishes to appeal *in forma pauperis,* Plaintiff must set for the issues he plans to present on appeal so that this court

can determine whether the appeal is undertaken in good faith. *See* Fed.R.App.P.24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

ENTERED this 28th day of October, 2019.

                                                s/Joe Billy McDade
                                                JOE BILLY McDADE
                                                UNITED STATES DISTRICT JUDGE